The opinion of the Court was delivered by
O’Neall, J.
In this case, without noticing the grounds seriatim, I will briefly notice what is regarded as material in the cause.
In a case standing on the inquiry docket, the default admits the cause of action, and the only inquiry is as to the quantum *291 of damages. Any reasonable proof of the amount of the debt or demand is primé facie enough. I have never deemed it necessary in such a cáse to require proof of a merchant’s account by the proofs of the original entries; proof that the account sued on and exhibited to the Court, is a true copy of the original entries, is enough to ascertain the quantum of damages. More than this was done on the present occasion. The defendants had the right to examine the account, object to the items as improperly charged, and even to call witnesses to show that they were charged too high, or that they ought not to have been charged at all.
On looking over the account it is objected that interest on advances or purchases by the plaintiffs as factors ought not to be allowed. Since Sollee & Warley vs. Meugy, 1 Bail. 620, such an objection cannot be sustained. So, too, there is nothing in the objection that interest is charged on the balance, and that thus interest is charged on interest; — for it appears that the credits allowed the defendants greatly exceeded the interest charged in the account before the balance was struck. The rule that payments are to be applied first in extinguishment of interest is uniform. Hence the balance of the account would be principal for payments and advances: and would properly bear interest.
But the charge for commissions on the balance cannot be allowed. The plaintiffs had been allowed in the account commissions for all the items of their account for which they were entitled to charge. They cannot be allowed commissions on the balance for the payment to themselves.
The motion for a new trial is granted unless the plaintiffs shall enter a remittitur on the record of $88 75, the commissions improperly charged. If, however, this be done, then the motion is dismissed. *
Wardlaw, Withers, Whitner, Glover, and Munro, JJ., concurred.

New trial nisi.